797 F.2d 332
 5 Fed.R.Serv.3d 943
 George E. PENLAND, Jr., et al., Plaintiffs,
Vernon Ward, Plaintiff-Appellant,
v.
WARREN COUNTY JAIL; Billy Delaney, in his official capacity
as Sheriff of Warren County, Tennessee; and H.T. Pelham, in
his official capacity as County Executive of Warren County,
Tennessee, Defendants-Appellees.
 No. 85-5439.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 15, 1986.
Decided August 1, 1986.
 
 David Kozlowski (argued), Legal Services of South Central Tennessee, Inc., Tullahoma, Tenn., for plaintiff-appellant.
 Robert W. Boyd, Jr. (argued), McMinnville, Tenn., for defendants-appellees.
 Before LIVELY, Chief Judge, MERRITT and JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Plaintiffs appeal the District Court's order denying certification of their proposed class action and the magistrate's adverse ruling on two substantive issues in their prisoner civil rights action over conditions in a small county jail on the Cumberland plateau in Tennessee.
 
 
 2
 Plaintiffs George Penland and Jimmy Earls filed this action pro se while serving time at the Warren County Jail in Tennessee. Later, able counsel filed an amended complaint in their action, stating a claim under 42 U.S.C. Sec. 1983 (1982) and addressing eight issues: prisoner idleness, health care, mail, discipline, fire safety, food, access to courts, and visitation. The plaintiffs also sought, under Fed.R.Civ.P. 23(b)(2), certification of a class composed of all present and future prisoners at the Warren County Jail (and a subclass composed of all pretrial detainees held at the jail). District Judge Taylor denied plaintiffs' motion for class certification.
 
 
 3
 The parties consented, under 28 U.S.C. Sec. 636(c)(1) (1982), to have the action heard by a magistrate. Penland and Earls were released from jail before their case was tried, but plaintiff Vernon Ward then intervened. The magistrate ruled in plaintiffs' favor on all substantive issues except prisoners' access to courts and their visitation conditions. Plaintiffs appealed to the District Court, under 28 U.S.C. Sec. 636(c)(4), and Judge Hull affirmed the magistrate's order.
 
 
 4
 The defendants did not appeal the District Court's order, and their counsel states that they are taking measures to comply with the magistrate's opinion. Plaintiffs wished to appeal, but, because the parties had agreed that the magistrate should try the case and that appeal of right would be to the District Court under 28 U.S.C. Sec. 636(c)(1) & (4), plaintiffs could not appeal to the Court of Appeals as of right. Rather, they moved the Sixth Circuit for leave to appeal under 28 U.S.C. Sec. 636(c)(5). The Court heard the matter en banc, and Judge Contie writing for the Court granted plaintiffs' motion for leave to appeal on questions of class certification, access to the courts, and prisoner visitation rights. Penland v. Warren County Jail, 759 F.2d 524 (6th Cir.1985) (en banc ). Judge Contie's opinion holds that the two substantive issues were "substantial and important question[s] of law that ha[d] not directly been addressed by this court," 759 F.2d at 531, but he stated no holding on any of the issues. This appeal followed.
 
 
 5
 On plaintiffs' motion to certify the proposed class action, the District Court found that all the requirements of Fed.R.Civ.P. 23(a) were met: (1) the members of the proposed class are so numerous that joinder would be impracticable, (2) questions of law or fact are common to the proposed class, (3) the proposed named representatives' claims would be typical of the claims of class members generally, and (4) the named representatives, and their counsel, would fairly and adequately protect the interests of the class. Nevertheless, Judge Taylor denied certification on grounds that certifying a class action was "neither necessary to protect the interests of the desired class, nor is it a superior method for providing the relief asked for in this type of lawsuit." The Judge held that any declaratory or injunctive relief ordered in a non-class-action suit would "likely inure to the benefit of other similarly situated individuals," so there was no need for the action to go forward as a class action. (Quoting Inmates, Washington City Jail v. England, 516 F.Supp. 132 (E.D.Tenn.1980)). Despite Judge Taylor's denial of class certification, this suit has been treated as a class action almost from its inception.[1]
 
 
 6
 Judge Contie, speaking for our en banc Court, criticized the denial of class certification:
 
 
 7
 The "superior method" criterion has been held relevant, however, only to class actions sought to be certified under F.R.C.P. 23(b)(3). Moreover, this court has specifically held that notice to class members is not required in all F.R.C.P. 23(b)(2) class actions, although notice may be given in a particular case under F.R.C.P. 23(d)(2) if any of the interests listed therein merit protection. Thus, there exists a substantial likelihood that the class certification issue was decided on a ground inconsistent with a decision of this court. Whether the district court and the magistrate actually failed to follow precedent is a question that we leave to the panel assigned to hear this case.
 
 
 8
 759 F.2d at 531 (emphasis added, citations omitted). Since all the named plaintiffs in this action have been released from jail, under normal procedure we must either dismiss the action as moot or certify it as a class action. We agree with the en banc Court's criticism of the procedure followed below and we reverse the District Court's refusal to certify this suit as a class action under Fed.R.Civ.P. 23(b)(2). See also Johnson v. City of Opelousa, 658 F.2d 1065, 1069-70 (5th Cir.1981).
 
 
 9
 Moving to the substantive points of this appeal, plaintiffs argue that conditions in the Warren County Jail concerning prisoners' visitation and prisoners' access to courts or legal representation violate the first amendment rights of the prisoners and of their visitors. This jail is located in a rural Tennessee county, and we note that measures that are achievable in larger institutions may not be reasonable in the smallest of local jails.
 
 
 10
 The first amendment, as construed, sets up a balancing test in these situations and requires an examination of reasonable alternatives available. See Bounds v. Smith, 430 U.S. 817, 830, 97 S.Ct. 1491, 1499, 52 L.Ed.2d 72 (1977) (held, in prisoner's right of access to courts suit, that the first amendment is satisfied if the goal of meaningful access is achieved by any of the alternative means available); accord, Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 581, 100 S.Ct. 2814, 2829-30, 65 L.Ed.2d 973 (1980) (Justice Burger, in a plurality opinion, exhorts trial judge to consider reasonable alternatives to barring press from criminal trial). The record is completely lacking in evidence concerning alternative methods of access to courts and visitation. The record lacks complete information detailing present jail conditions in relation to prisoners' access to courts, to legal representation, and to legal resource material and conditions concerning prisoners' visitation rights and facilities. Therefore, we remand this matter to the District Court for the court to assess present jail conditions relative to plaintiffs' claims in comparison with reasonable alternatives.
 
 
 11
 NATHANIEL R. JONES, Circuit Judge, concurring.
 
 
 12
 I agree with the majority that it was error to deny class certification in this case and with its implicit order that such certification now be made. I also agree that the case must be remanded for further consideration of the substantive issues. I write separately because I believe that this panel should go further than it has in addressing the "substantial and important question[s] of law" that the en banc panel of the court has determined this case presents. See Penland v. Warren County Jail, 759 F.2d 524, 531 (6th Cir.1985).
 
 
 13
 In Penland the plaintiffs were granted leave to appeal on three issues. Id. at 532. In addition to the class certification question, the issues were: "whether convicted felons serving their sentences in local jails have the same right of access to either law books or legally trained personnel as do convicted felons serving their sentences in state prison facilities," id. at 531, and "whether the visitation conditions involved here rise to the level of a constitutional violation," id. at 532. I do not believe the majority's opinion provides the plaintiffs with an answer to these questions, nor does it provide the district court with much guidance on how it is to proceed with these issues on remand.
 
 
 14
 The first substantive issue is not difficult to resolve. The Supreme Court held in Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), that the First Amendment requires that a state prisoner's access to the courts be "adequate, effective, and meaningful." Therefore, prison authorities must "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828, 97 S.Ct. at 149. Other circuits have held that Bounds applies to prisoners serving substantial sentences in local jails. See Morrow v. Harrell, 768 F.2d 619, 622-23 (5th Cir.1985); Leeds v. Watson, 630 F.2d 674, 676-77 (9th Cir.1980); Williams v. Leeke, 584 F.2d 1336, 1340 (4th Cir.1978), cert. denied, 442 U.S. 911, 99 S.Ct. 2825, 61 L.Ed.2d 276 (1979). This court has assumed, without deciding, that Bounds applies to pre-trial detainees in local jails. See Malone v. Colyer, 710 F.2d 258, 262 (6th Cir.1983); Holt v. Pitts, 702 F.2d 639, 640 (6th Cir.1983). I think there is little question that the plaintiffs here are entitled to the access mandated by Bounds. I also think it is clear that the magistrate erred in ruling that the plaintiffs' rights were satisfied merely because jail officials do not interfere with prisoners' retention of private counsel or because Legal Services of South Central Tennessee, Inc., has provided representation in this case. See app. at 43. The parties have stipulated that Legal Services has indicated that it "cannot aid all prisoners at the Warren County Jail who may need legal assistance." App. at 68. Consequently, I would hold that the defendants should be ordered to provide the class members with "adequate law libraries or adequate assistance from persons trained in the law" as is needed to make their access to the courts "adequate, effective, and meaningful." Bounds, 430 U.S. at 822, 828, 97 S.Ct. at 1495, 1498. The specifics of the remedy to be ordered are a matter for the district court. If the county finds it impractical or unreasonable to provide meaningful access in this small county jail, that does not, I would make clear, relieve it of the burden imposed by the First Amendment. These prisoners must be provided the constitutional minimums required by Bounds or be held in facilities where these requirements can be more easily achieved.
 
 
 15
 The issue of visitation conditions is also easily resolved on the record before us. The magistrate found that
 
 
 16
 Visitation at the jail occurs in a small room where inmates are separated by a wall from the visitors. The visitors communicate with the inmates through holes in glass windows. The visiting room is noisy and at times it is difficult for the visitors and inmates to hear each other.
 
 
 17
 App. at 32. A prisoner retains his First Amendment rights to contact with the outside world to the extent that they "are not inconsistent with his status as a prisoner or with the legitimate peneological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 l.Ed.2d 495 (1974). A restriction upon this right must be "reasonably related to a legitimate governmental goal." Block v. Rutherford, 468 U.S. 576, 104 S.Ct. 3227, 3231, 82 L.Ed.2d 438 (1984) (quoting Bell v. Wolfish, 441 U.S. 520, 539, 99 S.Ct. 1861, 187, 60 L.Ed.2d 447 (1979)). The magistrate ruled that the present system satisfies these standards because face-to-face or contact visitation raises legitimate security concerns. The plaintiffs do not seek contact visitation, however, and the defendants have asserted no legitimate reasons why a more effective method of non-contact visitation could not be implemented. Conditions nearly identical to those found to exist here were ruled constitutionally insufficient by two district courts. See McMurry v. Phelps, 533 F.Supp. 742, 755, 764 (W.D.La.1982); Dawson v. Kendrick, 527 F.Supp. 1252, 1276, 1309 (S.D.W.Va.1981). I would hold that the visitation conditions at the Warren County Jail deny the plaintiffs their First Amendment rights. Again, the question of appropriate remedy should be determined by the district court.
 
 
 18
 I do not understand the majority's reluctance to broach the narrow but important questions of law that have been presented to us. The lower court ruled that present conditions do not violate constitutional minimums. We have been asked to and should reverse those rulings. Questions of "reasonable alternatives," which concern the majority, will be relevant only after we have completed our task.
 
 
 
 [1]
 We are informed by counsel that plaintiff Ward was released from the jail while the matter was still pending, and that the District Court informed defendants that it would not entertain any motions to dismiss on mootness grounds