837 F.2d 476
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael L. MARTIN, Plaintiff-Appellant,
v.
Sheriff CUNNINGHAM; Tuttle, Correctional Officer,
Defendants-Appellees.
 No. 87-3672.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1988.
 
 Before MERRITT, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed this civil rights action (42 U.S.C. Sec. 1983) in connection with his 1984 incarceration in the Lake County (Ohio) Jail. Defendants are the Sheriff of Lake County and an employee of the Jail. Plaintiff asked for monetary damages and injunctive relief. The district court granted summary judgment for defendants and this appeal followed. On appeal the parties have briefed the issues, plaintiff proceeding pro se.
 
 
 3
 Upon consideration, we find ourselves in agreement with the district court. Assuming arguendo the timeliness of plaintiff's complaint, he has nevertheless failed to state a claim for violation of a constitutional right. Plaintiff claims that he was deprived of rights accorded pretrial detainees. This is negated, however, by his admitted status, at the time of his Lake County apprehension, as an escapee from an Indiana jail. Plaintiff contends he was denied meaningful access to the courts during his stay in the Lake County Jail, it offering neither law library nor inmate legal assistants. When balanced against the "holding tank" nature of the Jail and plaintiff's admitted contact with public defenders during his incarceration, plaintiff has not stated a claim in this regard. Penland v. Warren County Jail, 797 F.2d 332, 335 (6th Cir.1986). Plaintiff finally complains of the conditions of confinement as being cruel and unusual. We have examined his factual allegations and find he has failed to state a claim, that is, he has failed to articulate a deprivation of the minimal civilized measure of life's necessities. Walker v. Mintzes, 771 F.2d 920, 925-26 (6th Cir.1985).
 
 
 4
 We note that insofar as plaintiff sought monetary damages for these claims, they lack merit. Insofar as he sought injunctive and other equitable relief, the claims are moot. O'Shea v. Littleton, 414 U.S. 488 (1974); Dudley v. Stewart, 724 F.2d 1493, 1494 (11th Cir.1984). We affirm. Rule 9(b)(5), Rules of the Sixth Circuit.