895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Albert ALLEN, Plaintiff-Appellant,
v.
MONTGOMERY COUNTY JAIL; Billy Ray Smith, Sheriff; Charles
Keller, Deputy; Newlove, Deputy; Tackett, Sgt,; Lewis,
Deputy; Cothum, Deputy; Rowe, Deputy; Rose, Deputy;
Mullins, Deputy; Crosby, Deputy; Ely, Dr., Defendants-Appellees.
 No. 89-6148.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1990.
 
 Before MERRITT, Chief Judge and KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Albert Allen, a pro se Tennessee prisoner, appeals from the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking monetary and declaratory relief, Allen sued defendants, the Montgomery County (Tennessee) jail, the Montgomery County Sheriff and various deputies, and members of the jail staff, alleging numerous denials of his constitutional and legal rights during his confinement in the jail. Allen asserted the following grounds for relief: (1) denial of medical services; (2) denial of access to the law library; (3) denial of access to religious services; (4) denial of adequate usage of the telephone; (5) denial of recreation time; (6) denial of privacy and access to the courts; (7) denial of notarial services; (8) infliction of cruel and unusual punishment; (9) the denial of a meal; and (10) the denial of access to the shower.
 
 
 4
 Over plaintiff's objections, the district court reviewed and adopted the magistrate's recommendations and dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Allen has filed a timely appeal, raising the same issues which were before the district court. In addition, Allen has filed a motion for the appointment of counsel and a motion for the production of a transcript at government expense.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated by the district court.
 
 
 6
 Allen's claim that he was denied medical services is meritless. Allen was treated on numerous occasions for various medical problems; however, he seems to be unable to accept the opinions of his doctors, particularly with regard to a knot located on his head. Pretrial detainees may sue jail officials for deliberate indifference to the detainees medical needs that is tantamount to an intent to punish. Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir.1989). In this instance, the jail officials demonstrated no such indifference to Allen's medical needs, as he was examined by physicians on many occasions, particularly for the knot on his head. Furthermore, no claim is stated merely by a difference of opinion between the plaintiff and his doctor regarding his diagnosis and treatment. Estelle v. Gamble, 429 U.S. 97, 107 (1976).
 
 
 7
 Moreover, Allen's claims that he was denied access to the law library, the courts, the telephone, and notarial services are meritless. States have affirmative obligations to ensure prisoners and pretrial detainees meaningful access to the courts, including providing paper and pen, notarial services, stamps, and either adequate law libraries or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 824-28 (1977); Penland v. Warren County Jail, 797 F.2d 332, 335 (6th Cir.1986) (Jones, J., concurring). Allen was represented by a court appointed public defender during his incarceration as a pretrial detainee, and, thus his right of access to the courts was protected. Further, Allen did have access to and use of the telephone during his incarceration at the jail. Further, although he encountered a delay in obtaining notarial services on one occasion he was able to have that particular document notarized and filed. Thus, since Allen has not alleged even a single instance where the delay in gaining access to the telephone or notarial services prejudiced his right of access to the courts, he has failed to state a claim.
 
 
 8
 In addition, Allen has not stated a claim for access to religious services. Although Allen was transferred to the "old" jail where there were no facilities for religious services, he could have requested to see his minister but did not do so. Reasonable opportunities, comparable to those afforded fellow prisoners who adhere to conventional religious precepts, must be afforded to all prisoners. Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972) (per curiam); Whitney v. Brown, 882 F.2d 1068 (6th Cir.1989). Allen was not treated any differently than his fellow inmates who were in the "old" portion of the jail. Moreover, since Allen has not alleged that defendants' actions caused him to refrain from requesting a minister, we conclude that he has failed to state a claim for a denial of his right to free exercise of religion.
 
 
 9
 Further, Allen's claims that he was denied a meal, access to the shower, and denial of recreation time are similarly meritless. Allen has alleged the denial of a meal and recreation time on only one occasion and the use of the shower on only three occasions. Given the minimal nature and short duration of the alleged deprivations, we conclude that he has failed to state a claim. See, e.g., Hutto v. Finney, 437 U.S. 678, 686-87 (1978).
 
 
 10
 Finally, Allen's claims that he was denied privacy and subjected to cruel and unusual punishment are meritless. Allen claims that he was denied his right to privacy because jail officials refused, pursuant to jail regulation, to accept sealed envelopes for mailing. Allen also asserts that his transfer from a cell in the new portion of the jail to a cell in the old portion of the jail was cruel and unusual punishment because he was not afforded a disciplinary hearing prior to the transfer. Neither the transfer of Allen nor the enforcement of the rule against accepting sealed envelopes appears to be punitive in nature. Although Allen was transferred from a newer to an older cell, following his attempt to destroy a lighting unit in the new jail, he suffered no other adverse consequences. Rather, the enforcement of the rule against accepting sealed mail and Allen's transfer are policies and practices designed to maintain institutional security in the jail. Such decisions of jail (or prison) administrators are accorded wide-ranging deference, and in the absence of substantial evidence of record indicating an exaggerated response by prison officials, the courts ordinarily defer to their judgment. Bell v. Wolfish, 441 U.S. 520, 547-48 (1979). Nothing in the instant record suggests that jail officials committed either an exaggerated or punitive response to institutional security concerns either in transferring Allen to another cell or refusing to accept his sealed letters for mailing.
 
 
 11
 Accordingly, the motions for the appointment of counsel and for the production of a transcript at government expense are hereby denied. Further, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.