948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerald L. KENDRICK, et al., Plaintiffs,
Roy French; Stanley Dick; John Hightower; Roy Morrison;
James Peters; Earl McFall; Darrell Scott;
Robert Mason; John Reneer; James
Harrison, Plaintiffs-Appellants,
v.
David H. BLAND, et al., Defendants-Appellees.
 No. 91-5982.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1991.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Seven prison inmates at the Kentucky State Reformatory in LaGrange, Kentucky, appeal the district court's order denying three separate motions filed by these inmates, specifically: 1) a motion for a temporary restraining order and/or preliminary injunction pursuant to Fed.R.Civ.P. 65; 2) a motion to dispense with the requirement of security pursuant to Fed.R.Civ.P. 65(c); and 3) a motion for entry of an order holding the defendants in contempt under the consent decree entered in Kendrick v. Bland, 586 F.Supp. 1536 (W.D.Ky.1984). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In support of their motion for a temporary restraining order or preliminary injunction, the plaintiffs argued that defendant Berry and other prison officials issued a change in policy regarding the procedure for obtaining copies of legal documents and assistance from prison legal aides, which policy would result in certain inmates at the Kentucky State Reformatory (KSR) being denied meaningful access to the courts, as required under Bounds v. Smith, 430 U.S. 817 (1977). In their separate motion for contempt, the plaintiffs alleged that, by issuing this policy change, the defendants should be held in contempt of the consent decree issued in Kendrick v. Bland, supra. Finally, the plaintiffs, by a third motion, requested that security not be required under Fed.R.Civ.P. 65(c), should a temporary restraining order or preliminary injunction be granted.
 
 
 3
 The district court took notice that there are related proceedings pending in that court, in which the court is considering the requirements of the subject consent decree. Accordingly, the court construed the plaintiffs' motion for contempt as an objection to relinquishment of jurisdiction, consolidated that motion with the related proceedings and reserved a decision on it. Secondly, the court determined that the plaintiffs failed to meet the criteria for the issuance of an injunction, under the standard set forth in Mason County Medical Ass'n v. Knebel, 563 F.2d 256 (6th Cir.1977). The court then denied the motions for injunctive relief and to dispense with the requirement of security.
 
 
 4
 Upon review, this court concludes that the district court did not abuse its discretion in denying preliminary injunctive relief. NAACP v. City of Mansfield, 866 F.2d 162, 166-67 (6th Cir.1989); Planned Parenthood Ass'n v. City of Cincinnati, 822 F.2d 1390, 1393 (6th Cir.1987). The district court properly considered all relevant factors in determining that a temporary restraining order or preliminary injunction should not be issued. United States v. Bayshore Assoc., Inc., 934 F.2d 1391, 1398 (6th Cir.1991). The record shows that the amended prison policy continues to allow alternate avenues for prisoners to have meaningful access to the courts. Bounds, 430 U.S. at 828; Penland v. Warren County Jail, 797 F.2d 332, 335 (6th Cir.1986).
 
 
 5
 Accordingly, the district court's order denying the plaintiffs' motions is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.