966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cherokee MARCILIS, Plaintiff-Appellant,
v.
R. BOUCK, Counselor, in his individual capacity; Pete
Vidor, Deputy, in his individual capacity,
Defendants-Appellees.
 No. 92-1110.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1992.
 
 1
 Before KENNEDY and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Cherokee Marcilis, pro se, appeals the district court's grant of summary judgment to the defendants in this prisoner's civil rights complaint. 42 U.S.C. § 1983. The defendants are the deputy warden at Ionia Maximum Correctional Facility in Ionia, Michigan, and the assistant resident unit manager employed at that facility at the time of the alleged constitutional deprivation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Marcilis alleged: 1) defendant Bouck denied him due process and his rights under the First Amendment by ordering a temporary law library restriction from June 3, 1991, through June 13, 1991; 2) both defendants denied Marcilis a federally protected interest by enforcing the restriction without a prior hearing; and 3) major and minor misconduct reports were written in retaliation of Marcilis's act of filing grievances against defendant Bouck. The defendants filed a motion for dismissal and Rule 56(b) motion for summary judgment. The plaintiff then filed a cross-motion for summary judgment, raising the new allegations that defendant Bouck also refused to provide notary services for him and refused to mail out legal documents pertaining to the plaintiff's pending case.
 
 
 4
 On appeal, Marcilis continues to argue that Michigan statutes and prison policy statements applicable to his case have created certain liberty interests that may not be taken away without a prior hearing. He reiterates his belief that certain misconduct reports were written in retaliation for his use of the grievance system within the prison and he also requests the appointment of counsel, on appeal.
 
 
 5
 Upon review, this court concludes that the district court properly granted summary judgment. This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Initially, it should be noted that the district court appropriately found the request for injunctive relief had been rendered moot by Marcilis's transfer to a different prison institution. McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir.1984); cf. Goar v. Civiletti, 688 F.2d 27, 29 (6th Cir.1982). However, this plaintiff's request for monetary damages must still be addressed.
 
 
 7
 Contrary to the plaintiff's argument, the relevant language in the state statutes and prison policies is not of a "mandatory" nature in order to create a constitutionally-protected right for prisoners housed in administrative segregation to use typewriters. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 563 (1989). Moreover, this claim must be analyzed as one of being denied access to the courts. Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987) (quoting Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985)). Marcilis's claim lacks merit, because the evidence shows that there were alternate avenues open to the prisoner to provide him with adequate access to the courts and to file grievances within the prison, without the use of a typewriter. Bounds v. Smith, 430 U.S. 817, 824-25 (1977); Penland v. Warren County Jail, 797 F.2d 332, 335 (6th Cir.1986). Marcilis has not alleged or shown that he was prejudiced in any way by the failure to meet a deadline or failure to reach the courts in order to pursue a claim that he may have. Walker, 771 F.2d at 932.
 
 
 8
 The prison policy of allowing prisoners housed in administrative segregation only limited access to typewriters is reasonably related to legitimate penological interests, as explained in a memo in the record written by the deputy commissioner of the Michigan Department of Corrections. It was also within the prison officials' wide-ranging discretion to adopt and execute a policy of temporarily restricting Marcilis from use of the typewriter, after an abuse of this equipment was found. See Turner v. Safley, 482 U.S. 78, 84-91 (1987); Bell v. Wolfish, 441 U.S. 520, 545-47 (1979). Lastly, as noted by the district court, Marcilis's claims that defendant Bouck acted in retaliation of the prisoner's act of filing a grievance against this defendant is conclusory and not supported by evidence in the record. Therefore, Marcilis has failed to identify a right, privilege or immunity secured by the Constitution. See Codd v. Brown, 949 F.2d 879, 882 (6th Cir.1991). Under a qualified immunity analysis, Marcilis has not shown the threshold determination that he has asserted a violation of any constitutional right at all. Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991).
 
 
 9
 Accordingly, it is hereby ordered that Marcilis's request for counsel be denied, and the district court's grant of summary judgment be affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation