980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald James REED, Plaintiff-Appellant,
v.
Fred ABDALLA, Sheriff; Defendant-Appellee.
County Commissioner, Jefferson County; et al., Defendants.
 No. 92-3238.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Ronald James Reed, pro se, appeals the district court's order granting the defendants' motions for summary judgment in this civil rights case filed under 42 U.S.C. § 1983. The defendants include the sheriff and the county commissioners of Jefferson County, Ohio. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his original complaint, Reed set forth 18 separate claims which were addressed seriatim in defendant Abdalla's motion for summary judgment filed November 20, 1991. Some, but not all of these claims were preserved on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). Therefore, the only claims properly before this court for consideration are as follows: (1) the Jefferson County Sheriff's Department violated Reed's rights prior to his arrest by failing to execute a probate order that was allegedly in effect on or about April 15, 1985, to take the appellant to a mental health center for evaluation; (2) the sheriff in this case is liable, under the doctrine of respondeat superior, for the alleged misconduct by his deputies at the time of the incident in question; (3) Sheriff Abdalla "lied" and used his oath as a weapon to harass and to abuse the plaintiff when he testified as to the reason for transferring Reed from one section of the county jail to another; (4) the county commission is a "quasi-corporate body" and therefore liable for the conduct of the county sheriff; (5) the consent decree applicable to the Jefferson County jail, which decree was in effect at the time Reed was housed in that facility, was violated when the sheriff failed to provide adequate heat and sufficient guards for the safety of the inmates; (6) certain of Reed's constitutional rights were violated at the time of his arrest, including the right to a Miranda warning, the right to have an attorney of his choice and the right to make a phone call; (7) Reed's constitutional rights were violated when he was not permitted to see a doctor after an alleged injury occurred due to the defendants' failure to protect him from other inmates in the prison; (8) Reed had a Constitutional right "not to ... be taken to any drug dealers/user house" while handcuffed in the back of a Jefferson County Sheriff police car upon being returned from a hospital examination; (9) the district court erred in wrongfully denying his repeated motions for the appointment of counsel; (10) Judge Holschuh was biased in this case and committed "unethical misconduct against the plaintiff" by aiding the defendants' case; (11) Sheriff Abdalla wrongfully confiscated Reed's typewriter for a period of time that Reed was housed in the Jefferson County jail; and (12) the acts allegedly committed by defendant Abdalla were done maliciously and sadistically for the purpose of causing "harm, abuse, mental anguish, fear, humility, embarrassment ..." under the standards set forth in Hudson v. McMillian, 112 S.Ct. 995 (1992). Reed also moves for the appointment of counsel and for miscellaneous relief, on appeal.
 
 
 3
 Reed alleges that Sheriff Abdalla is responsible for the conduct of his deputies and that the Jefferson County Commissioners may be held responsible for the alleged unconstitutional acts performed by Sheriff Abdalla. However, contrary to Reed's argument, the doctrine of respondeat superior does not apply to impute liability on supervisory personnel such as the sheriff, unless the plaintiff alleges and shows that the supervisor condoned, encouraged or participated in the alleged conduct, which Reed has failed to do in this case. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Similarly, Reed has failed to show that any act by Sheriff Abdalla occurred as a result of a "custom or policy" of the governmental entity of the county commissioners. Pembaur v. City of Cincinnati, 475 U.S. 469, 477-81 (1986); Monell v. New York Dep't of Social Servs., 436 U.S. 658, 690-95 (1978). Therefore, the county commissioners and Sheriff Abdalla may not be held liable in this case pursuant to that doctrine.
 
 
 4
 Because a consent decree was in effect and valid throughout the period that Reed was housed in the Jefferson County jail, Reed may not, in these collateral proceedings, directly enforce the terms of that decree. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975); FTC v. Owens-Corning Fiberglas Corp., 853 F.2d 458, 464 (6th Cir.1988), cert. denied, 489 U.S. 1015 (1989). Thus, Reed's allegations as to the conditions of the jail, including his complaints in regard to heat, ventilation and the sufficiency of the number of guards on duty, are inadequate to prevent summary judgment against him.
 
 
 5
 Abdalla's decision to transfer Reed into another section of the county jail does not rise to a constitutional violation cognizable in this § 1983 suit. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Although inmates are protected under the Eighth Amendment from being subjected to cruel and unusual punishment by a prison official's obduracy and wantonness in subjecting a prisoner to assault by other inmates, Reed has not shown that Abdalla was deliberately indifferent to Reed's constitutionally protected needs or any serious medical problem. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991); Whitley v. Albers, 475 U.S. 312, 327 (1986); Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir.1992). Considering that: (1) Abdalla set forth legitimate reasons for transferring Reed into another cell within the prison; (2) the alleged unconstitutional prison condition of being subjected to potentially violent inmates was relatively short in duration; (3) Reed received a hearing and was given relief from the prison condition immediately after grieving about the situation; (4) Reed has presented no particular evidence showing that Abdalla was aware that he was subjecting Reed to danger; and (5) more than "lack of due care" for a prisoner's safety must be shown to support such an Eighth Amendment claim, Reed's argument in regard to the transfer and being subjected to a violent situation is without merit in this case. Similarly, Reed has not shown that the officials, and in particular, defendant Abdalla, were deliberately indifferent to Reed's medical need. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Thus, Reed's Eighth Amendment claims necessarily fail.
 
 
 6
 Reed's claim that he was denied his typewriter unconstitutionally is essentially a claim that Reed was denied access to the courts. Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987). Although prison officials must assist inmates in protecting the fundamental constitutional right of access to the courts by providing inmates with either adequate law libraries or assistance from trained personnel, the evidence in this case shows that Reed had alternate avenues of reaching the courts by handwriting any legal document necessary to communicate with those courts, without the use of his typewriter. Bounds v. Smith, 430 U.S. 817, 824-25 (1977); Penland v. Warren County Jail, 797 F.2d 332, 335 (6th Cir.1986). Moreover, after a hearing was held in state court, the typewriter was returned to Reed for him to use at his discretion. Finally, Reed has not shown or alleged that he was prejudiced in any way by a failure to meet a court deadline or by a failure to reach the courts in order to pursue a current or pending claim that he had because of the defendant's confiscation of the typewriter. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Consequently, Reed has failed to state a claim sufficient to afford him relief under § 1983 because of Abdalla's act of temporarily confiscating Reed's typewriter.
 
 
 7
 It is clear from the record that Reed's claim that the district court judge was biased in this case is a conclusory allegation without specific facts to support the claim. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986). Reed has not alleged or shown that Judge Holschuh should have disqualified himself based on extrajudicial conduct or that any alleged bias was personal rather than judicial. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 872 (1992).
 
 
 8
 Reed's remaining substantive claims are ones essentially challenging the fact and duration of his confinement and thus, have a sole remedy through a writ of habeas corpus rather than by way of a § 1983 suit. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Because Reed has failed to exhaust these claims in state court, they are now barred from consideration in this § 1983 suit, as correctly found by the district court in its order of February 20, 1992. Finally, the district court did not abuse its discretion in refusing to grant any of Reed's several motions for the appointment of counsel in district court. The complaint has no merit, thus permitting the court to deny a motion for appointment of counsel in this case. Ana Leon T. v. Federal Reserve Bank of Chicago, 823 F.2d 928, 930 (6th Cir.), cert. denied, 484 U.S. 945 (1987); Henry v. City of Detroit Manpower Dep't., 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985).
 
 
 9
 Accordingly, Reed's motions for the appointment of counsel and for miscellaneous relief are hereby denied, and the district court's order granting the defendants' motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.