**CITIZENS AGAINST TAX WASTE, et al., Plaintiffs–Appellants,**

v.

**WESTERVILLE CITY SCHOOL; Tom Fawcett; Dave Coffman; Donna Baker; Don W. Miller; Debbie Collins, Defendants–Appellees.**

No. 91–3924.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 10, 1992.

Decided Feb. 3, 1993.

James D. McNamara, Columbus, OH (argued and briefed), for plaintiffs-appellants.

James P. Burnes (argued), Betsy A. Swift (briefed), Bricker & Eckler, Columbus, OH, for defendants-appellees.

Before: BOGGS and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.

WELLFORD, Senior Circuit Judge.

This is an attorney fee dispute wherein Citizens Against Tax Waste ("CATW") and fourteen individuals, as plaintiffs, seek reimbursement for attorneys' fees expended in pursuing an action under 42 U.S.C. § 1983 *et seq.* "to secure ... First and Fourteenth Amendment" asserted rights. Named defendants were the Westerville City School District Board of Education ("the Board") and five members of the Board in their official capacities.[1]

CATW is an "unincorporated association of property owners in the Westerville City School District." Individual plaintiffs are CATW members and citizens of the county in which the Board is situated. They claim to have appeared, "and desire in the future to appear" before the Board and to speak "at public meetings." They complain about a policy adopted by the Board in February, 1989, which purportedly required persons in plaintiffs' situation "to obtain prior approval from the [Board] President ... before speaking." They also claim that the alleged objectionable Board policy also required plaintiffs, and others, to outline a subject for discussion in connection with a request to address the Board at the televised monthly meetings. Plaintiffs claim that this policy constituted a First Amendment violation as "an unlawful prior restraint." They sought injunctive relief as well as reasonable attorney fees and costs.

After a conference with the judge, the parties apparently agreed that the Board would defer implementation of the alleged policy pending a hearing. While memoranda were being prepared for the court, the plaintiffs aver that the Board revised its policy to provide for random selection of speakers by the president, and removed the objectionable language in the Board policy.

---

1. Defendant Debbie Collins is also named as President of the Board.

The district court then dismissed the action without prejudice and denied fees under § 1988, which serves as authority to permit attorney fees and costs to the "prevailing party." Arguing that their complaint was the " 'catalyst' that caused the Board to revise [its] policy," plaintiffs claim to be prevailing parties entitled to fees and costs. Plaintiffs point to affidavits of individual defendants indicating that an intended purpose of the disputed policy was "to provide for a balanced presentation of views on a particular topic or topics ... not to preclude anyone from speaking." Collins, the Board president, indicated that her practice had been randomly to recognize persons desiring to speak at Board meetings, allowing as many persons to speak as she could.

█ We first address the issue of jurisdiction over the parties on this appeal. The notice of appeal, both in the caption and body of the appeal, refers to "Citizens Against Tax Waste, et al." [2] without further reference to the individually named plaintiffs. Under our clear authority, we must hold that none of the individual plaintiffs are before us—only CATW has successfully prosecuted this appeal. *See Minority Employees of Tennessee Dep't Employment Sec. v. State of Tennessee,* 901 F.2d 1327 (6th Cir.), *cert. denied sub nom. Davis v. Tennessee Dep't Employment Sec.,* 498 U.S. 878, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990). We hold, however, that CATW does have authority and standing to pursue the claim before this court for reasonable attorney fees and costs. *AFSCME Local 506 v. Private Indus. Council,* 942 F.2d 376, 378 (6th Cir.1991). CATW has a stronger basis for standing and representation of its members than did the Washington Apple Advertising Commission in its case against North Carolina wherein the former's standing as an association was recognized throughout the course of proceedings, including by the Supreme Court. *Hunt v. Washington State Apple Advertising Comm.,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). *See also International Union v. Brock,* 477

U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986); *Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975).

█ In our review of the record, we note that the district court found that the Board did pass a resolution "which *revised the policy* in question," and ordered recognition of speakers "randomly" at Board meetings. (emphasis added). *After* this action was taken by the Board, the plaintiffs' counsel withdrew the request for injunctive relief. The district court recognized that "it is not necessary that a party actually receive some form of judicially ordered relief" in order to be a prevailing party under § 1988. *See Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1173 (6th Cir.1990).

In *Texas Teachers Ass'n v. Garland School Dist.,* 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1988), the court stated:

> Congress clearly contemplated that interim fee awards would be available "where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues...." Congress cannot have meant "prevailing party" statutes to depend entirely on the timing of a request for fees: A prevailing party must be one who has succeeded on any significant claim affording it *some of the relief sought,* either *pendente lite* or at the conclusion of the litigation.

*Id.* at 790–791, 109 S.Ct. at 1492–93 (emphasis added).

We believe that the filing of the complaint and the following court conference brought about a formal revision of the Board's written policy, and thus accomplished some significant relief or benefit sought by the plaintiffs. As pointed out by the district court, the plaintiffs did not attain all of the relief sought. Plaintiffs obtained sufficient relief to cross the threshold for allowance of a reasonable fee, but the fee should be attuned to the

---

**2.** Plaintiffs' appellate brief also contains this same caption. The joint appendix submitted by plaintiffs omits the "et al."

degree of success obtained. *Garland*, 489 U.S. at 792, 109 S.Ct. at 1493.

Since plaintiffs have attained "at least some relief on the merits of [its] claim," CATW should be deemed a prevailing party. *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987). We also deem this relief or benefit to have changed, to some extent, the preexisting "legal relationship" between the parties. *See Garland*, 489 U.S. at 792, 109 S.Ct. at 1493. The question to answer in plaintiffs' quest for fees is whether plaintiffs have accomplished a *"material alteration* of the legal relationship of the parties." *Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 572, 121 L.Ed.2d 494 (1992) (citing *Garland*, 489 U.S. at 792–93, 109 S.Ct. at 1493–94 (emphasis added)).[3]

██ This very recent decision of the Supreme Court was not available to the district court at the time it made its decision. In *Hobby*, the Supreme Court deemed the plaintiffs to be prevailing parties, but they were denied attorney fees under the particular circumstances of that case. We believe the district court in this case was in error in holding that plaintiffs were not prevailing parties. Accordingly, we must REMAND for further consideration of an appropriate fee award. We remind the district court that " 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " *Hobby*, —— U.S. at ——, 113 S.Ct. at 574 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983)). The district court should also consider whether the plaintiffs attained only "moral satisfaction" or a victory of only a " 'technical' nature," as described in *Hobby*, —— U.S. at ——, 113 S.Ct. at 574. The district court, in all events, should take into account whether "plaintiff has achieved only ·partial or limited success" in awarding a fee. *Id.* (citing *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1940).

Because we hold that the plaintiff CATW is a prevailing party, we REVERSE and REMAND this case to the district court for the award of a reasonable attorneys' fee under the circumstances, in accordance with this opinion, and in light of *Hobby*.

---

3. "No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Hobby*, —— U.S. at ——, 113 S.Ct. at 574.