Teresa PUTNAM, et al., Plaintiffs,

v.

Colonel Warren DAVIES,
et al., Defendants.

No. C–2–95–631.

United States District Court,
S.D. Ohio,
Eastern Division.

March 17, 1997.

John Spenceley Marshall, Columbus, OH, for plaintiff.

William Christian Becker, Jr., Assistant Attorney General, Court of Claims Defense, Allen Paul Adler, Ohio Attorney General, Columbus, OH, for defendants.

## OPINION AND ORDER

DLOTT, District Judge.

This matter is before the Court on Plaintiffs' Motion for an Award of Fees and Costs (doc. # 38). This matter also addresses the Plaintiff's Motion to Enter Judgment for Plaintiff and the Plaintiff's Class (doc. # 45), and the Defendants' Motion for Relief from Judgment (doc. # 46). For reasons more fully set forth below, the Plaintiffs' Motion for an Award of Fees and Costs is hereby **GRANTED** in the amount of $21,764.50, the Plaintiff's Motion to Enter Judgment is hereby **DENIED**, and the Defendants' Motion for Relief from Judgment is hereby **DENIED**.

1. The Court's September 26, 1996, order states on *Putnam v. Davies,* 169 F.R.D. 89, 95: "Accordingly, the Court grants the Plaintiff's Motion

## I. BACKGROUND

The background of this case is set forth more fully in the Court's Order of September 26, 1996.

## II. PLAINTIFF'S MOTION TO ENTER JUDGMENT

■ The Plaintiff has filed a motion requesting the Court to enter final judgment on behalf of the Plaintiff and her class. The Court denies this motion because the Court has previously issued final judgment in this action on September 26, 1996, and this Court may not reopen its judgment in this case in the absence of circumstances set forth in Fed.R.Civ.P. 59 or 60. The Court's order of September 26, 1996, granted the declaratory judgment sought by the Plaintiffs in their complaint that the "innocent owner" seizure provisions of Ohio Revised Code § 4511.195 are unconstitutional.[1] At that time, although not clearly stated in the Court's Order, the Court found it unnecessary to issue a permanent injunction in light of the Ohio Supreme Court's decision in *Ohio v. Hochhausler,* 76 Ohio St.3d 455, 668 N.E.2d 457 (1996), and in light of its own declaratory judgment in this action.

It has become evident to law enforcement personnel that they cannot constitutionally enforce the "innocent owner" provisions of Ohio Revised Code § 4511.195 after *Hochhausler,* a decision from the highest court of the State of Ohio, and after the issuance of this Court's order of September 26, 1996, granting the Plaintiff's request for declaratory judgment. To do so would subject them to liability for damages under 42 U.S.C. § 1983. If the Court issued a permanent injunction, the effect of that permanent injunction would be merely to provide a duplicative remedy in the form of contempt sanctions to the injured parties. The practical issue in this case was a determination of the constitutionality of a state statute. Now that it is clear by virtue of the judgment issued in this case and the Ohio Supreme Court's pronouncement in *Hochhausler* that the statute is unconstitutional, the Court is willing to

for summary judgment on the grounds that § 4511.195 denies non-driver owners procedural due process."

assume that state law enforcement officials will not attempt to enforce the "innocent owner" provisions of § 4511.195.

For all these reasons, the Plaintiff's Motion to Enter Final Judgment is hereby **DENIED**.

## III. THE DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT

█ The Defendants have filed a motion for relief from judgment on the grounds that the judgment is void because the *Hochhausler* decision mooted the Plaintiffs' claims. The Defendants rely upon *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980), for their argument that the *Hochhausler* decision was an event occurring during the pendency of a suit that resolved the controversy between the parties, thus mooting the Plaintiffs' claims. This reliance is misplaced.

Neither the Plaintiffs nor the Defendants in this action have cited any case with circumstances closely analogous to the case before the Court now. While this Court had the questions of the constitutionality of certain provisions of § 4511.195 before it in a class action suit, the highest Court of the State of Ohio issued a judgment declaring those same provisions unconstitutional. Under these facts, and absent legal authority to the contrary, this Court finds that the *Hochhausler* decision did not moot the Plaintiffs' claims. Rather, the *Hochhausler* decision merely provided new legal authority upon which the Court could base its decision.

This Court reviewed the *Hochhausler* decision in issuing its judgment in this case and adopted the reasoning set forth by the Ohio Supreme Court in *Hochhausler*. However, this Court would not be bound by *Hochhausler* if it found *Hochhausler* to be incorrect. In other words, because the question of constitutionality was decided on the basis of the United States Constitution, this Court could still have found the "innocent owner" provisions of § 4511.195 to be constitutional notwithstanding the Ohio Supreme Court's determination of the provisions' unconstitutionality. This possibility alone, however unlikely, preserves the Plaintiffs'

claims. A United States District Court is not bound by a state supreme court case interpreting the United States Constitution if the Court finds the state decision to be incorrect. Thus, the issuance of a state supreme court decision passing on the constitutionality of a state statute does not moot the claims of a plaintiff attacking that same statute in a federal court.

## IV. PLAINTIFFS' MOTION FOR AN AWARD OF FEES AND COSTS

The Court entered final judgment on this case on September 26, 1996, and the Plaintiffs have filed a motion for an award of attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 54(d).

The award of attorney's fees in a civil rights action such as the present one is authorized by 42 U.S.C. § 1988. Section 1988 provides in part, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs." The purpose of § 1988 is to provide "reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." *Blanchard v. Bergeron*, 489 U.S. 87, 93, 109 S.Ct. 939, 944, 103 L.Ed.2d 67 (1989).

In order to estimate initially a reasonable fee, the district court will multiply the number of *hours reasonably* expended on the litigation by a *reasonable* hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543–44, 79 L.Ed.2d 891 (1984) (emphasis added); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983). The district court may exclude from this computation time which was not reasonably expended, such as hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434, 103 S.Ct. at 1939–40. Indeed, hours which would not be billed to one's client are not properly billed to one's adversary under a fee shifting statute. *Id.* (citing *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc)). When this lodestar amount is computed and if circumstances warrant, the court may thereafter adjust the award, by applying a multiplier or

divisor.[2] *James v. Frank*, 772 F.Supp. 984, 1003–1004 (S.D.Ohio 1991). Nonetheless, "[a] strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable fee' is wholly consistent with the rationale behind the usual fee-shifting statute." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986). In determining the reasonableness of a fee award, the most critical factor is the degree of success obtained. *Citizens Against Tax Waste v. Westerville City School*, 985 F.2d 255, 258 (6th Cir.1993).

## A. The Plaintiffs as "Prevailing Parties"

### (i) Legal Standard

■ A party is a "prevailing party" under 42 U.S.C. § 1988 for attorney's fees purposes "if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. at 433, 103 S.Ct. at 1939. "[W]here a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985). To be a prevailing party, a plaintiff must prove "the settling of some dispute which affects the behavior of the defendant towards the plaintiff" *Hewitt v. Helms*, 482 U.S. 755, 761, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987). A declaratory judgment alone may not be sufficient if it does not give rise to rights a plaintiff can enforce against a defendant. *Rhodes v. Stewart*, 488 U.S. 1, 3, 109 S.Ct. 202, 203, 102 L.Ed.2d 1 (1988) (per curiam). The plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792, 109 S.Ct. 1486, 1493–94, 103 L.Ed.2d 866 (1989).

### (ii) Declaratory Judgment and "Prevailing Parties" Under § 1988

The Defendants argue that in order to be considered "prevailing parties," the Plaintiffs must show that the Court's judgment, and only the Court's judgment, effectuated a change in the Defendants' behavior toward the Plaintiffs and her class. The Court disagrees. The Plaintiffs filed this action for damages, declaratory and injunctive relief. The Plaintiffs were granted the declaratory relief that they sought; therefore, they have "succeed[ed] on [a] significant issue" of their case. The Plaintiffs were granted declaratory relief on motion for summary judgment—a decision on the merits of their claims.

While a declaratory judgment alone may not be sufficient to make an award of attorney's fees in some instances, the Court finds that this is not one of those instances. As outlined above, the Court is not issuing a permanent injunction in this case solely because the Court assumes that law enforcement personnel will not attempt to enforce the unconstitutional statute at issue now that those law enforcement personnel have been made aware of the unconstitutionality of that statute. Otherwise, there is no doubt in the Court's mind of the appropriateness of a permanent injunction in this case.

The Defendants argue that the Plaintiffs are not prevailing parties because they received only declaratory relief For this argument, the Defendants rely on *Rhodes v. Stewart*, 488 U.S. 1, 109 S.Ct. 202, 102 L.Ed.2d 1 (1988), wherein the Court held that declaratory judgment in a party's favor did not automatically render that party a "prevailing party" under § 1988. The Defendants' reliance on *Rhodes* is misplaced in this case. The Supreme Court's holding in *Rhodes* is somewhat limited by its facts. *Rhodes* involved two prison inmates who brought an action challenging the prison officials' refusal to allow them to subscribe to a magazine. Although declaratory judgment was awarded to the plaintiffs, the Court found that they were not "prevailing parties"

---

2. In deciding whether to make an upward or downward adjustment, the court may apply the twelve factors set forth in *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). *Blanchard*, 489 U.S. at 91, 109 S.Ct. at 943.

within the meaning of § 1983 because one of the plaintiffs had died during the course of the litigation and the other had been released from prison, and that *the lawsuit had not been brought as a class action.* Thus, had the action been brought as a class action, there is some indication that the Supreme Court would have found the plaintiffs to be "prevailing parties." The Supreme Court went on to note that "the case was moot before the judgment issued, and the judgment therefore afforded the plaintiffs no relief whatsoever." Here, the Plaintiffs' claims were not moot for reasons set forth in section III., *supra.* Moreover, here, the Plaintiffs were granted declaratory judgment in a class action and received some of the relief they sought in their suit.

The Supreme Court has stated that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in the manner which Congress sought to promote in the fee statute." *Texas State Teachers Association,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 1494, 103 L.Ed.2d 866 (1989). Here, the declaratory judgment issued altered the legal relationship of the parties in that the Plaintiff and her class will be free from the enforcement of an unconstitutional statute. While it may be true that law enforcement personnel discontinued enforcement of this statute upon the issuance of the Ohio Supreme Court's opinion in *Hochhausler,* the question of the constitutionality of the statute was before this Court and the Ohio Supreme Court simultaneously. The mere fact that the Ohio Supreme Court's opinion was issued before this Court's judgment does not change the Plaintiffs' status as a prevailing party for purposes of 42 U.S.C. § 1988.

Had this Court issued its judgment before the Ohio Supreme Court issued *Hochhausler,* there would be no question as to whether the Court's judgment materially altered the legal relationship of the parties—law enforcement personnel would have been forced to cease enforcement of the unconstitutional statute. This Court will not allow the timing of the issuance of the Court's order to negate the status of Plaintiffs as "prevailing parties," which in turn, might disallow an award of fees and costs. For the Court to so hold would discourage counsel from accepting cases seeking declaratory judgment and injunctive relief involving the enforcement of alleged unconstitutional state statutes when the same issues are being litigated in the state courts. Such a result would not be in keeping with the interest that Congress sought to promote in the fee statute.

The fact that others were engaged in parallel efforts to declare the statute unconstitutional in the state courts and prevailed first does not detract from the effort of the attorneys in trying this case in federal court. Litigation such as this challenging the constitutionality of state statutes can take years, and parallel efforts in state and federal courts should not be discouraged. These parallel efforts would be strongly discouraged if one party's attorneys would be deprived of a statutory award of attorney's fees based merely on the fortuitous timing of the two courts' judgments.

In short, the named Plaintiff saw an unconstitutional injustice and brought a claim to remedy that injustice on behalf of herself and her class. Thereafter, the Plaintiffs proved their case on the merits and are therefore prevailing parties for purposes of 42 U.S.C. § 1988.

### (iii) Vindication of Rights, Catalyst Theory, and Inevitable Victory Theory

Although the Plaintiffs are to be viewed as prevailing parties on the basis of the Court's award of declaratory judgment alone, at least three other theories support the proposition that the Plaintiffs in this case are "prevailing parties" for purposes of § 1988.

First, "[i]n accordance with the broad remedial purpose of [§ 1988], parties may be considered to have prevailed when they have vindicated important rights . . . without formally obtaining relief." *Northcross v. Board of Education,* 611 F.2d 624, 633 (6th Cir. 1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999–3000, 64 L.Ed.2d 862 (1980). Here, the named Plaintiff has prevailed because she has vindicated the important right of the guarantee of due process of law prior to the deprivation of a property right.

■ Second, the Plaintiffs argue that they may also be prevailing parties under the "catalyst" theory. *See Perket v. Secretary of Health and Human Services*, 905 F.2d 129, 131–34 (6th Cir.1990) (affirming an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)). This theory is based upon the Eight Circuit case of *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir.1970), which found that although the plaintiff was not awarded the injunctive relief sought, the plaintiff's lawsuit acted as a catalyst which prompted the defendant to take action in implementing its own fair employment practices in compliance with Title VII. *Id.* at 430–31. The Court finds the Plaintiffs' argument of merit. The Plaintiffs' suit obtained a declaratory judgment from a federal court that certain provisions of a state statute violated the United States Constitution. Although not precisely parallel to *Parham*, this case presents a situation in which the Plaintiffs' suit could prompt law enforcement officials to refrain from attempting to enforce § 4511.195.

■ Third, the Plaintiffs are prevailing parties under the "inevitable victory" theory. *See Perket*, 905 F.2d at 133. It is obvious to this Court that the Plaintiffs, even without the benefit of the *Hochhausler* decision, would have ultimately prevailed in their quest for injunctive relief had the *Hochhaus-*

*ler* decision not negated the need for the Court to order such relief The Sixth Circuit has stated that this inevitable victory theory is analogous to situations in which the Plaintiffs' case is mooted by voluntary action by the defendant—the plaintiffs in such cases are still "prevailing parties" for purposes of determining attorneys' fees. *See Perket*, 905 F.2d at 134; *Grano v.Barry*, 783 F.2d 1104, 1109 (D.C.Cir.1986); *Iranian Students Ass'n v. Sawyer*, 639 F.2d 1160, 1163–64 (5th Cir. 1981).

## B. The Plaintiffs' Counsel's Efforts Were Not Duplicative

The Defendants also argue that the Plaintiffs' counsel's time spent in this case were duplicative of the time spent working on *Kutschbach v. Davies*, Case No. C2–93–1032, 885 F.Supp. 1079 (S.D.Ohio 1995). The *Kutschbach* case litigated the provisions of Ohio Revised Code § 4507.38, while this case has litigated § 4511.195. The Defendants contend that Plaintiffs' counsel repeatedly maintained that the two provisions were virtually identical. The Defendants maintain, therefore, that the "expenditure of time [on this case] is patently unreasonable."

■ The Defendants' argument fails for many reasons. First, even if the statute in *Kutschbach* is "virtually identical" to the statute at issue in this case, the two are still separate statutes.[3] Litigation regarding the

---

**3.** The Defendants have maintained throughout the course of this litigation that the two provisions are not "identical" and should be estopped from asserting otherwise merely for the purposes of the motion for attorneys' fees. If the two provisions were "identical," the finding of the unconstitutionality of the provisions of § 4507.38 at issue in the *Kutschbach* case would have required the Defendants to cease their attempts to enforce the provisions of § 4511.195 at issue in the present case or be liable for damages under 42 U.S.C. § 1983. Likewise, had the Court viewed the two provisions as "identical," the Defendants would not have been entitled to immunity from the claims for damages by the named Plaintiff. It is evident to the Court that the Defendants did not cease in their attempts at enforcement of these provisions because they maintained that the two provisions were not "identical."

The Defendants have maintained that the relative importance of the two different governmental interests furthered by the two statutes required a different measure of constitutionality for

the two statutes. § 4507.38 authorized the seizure of a vehicle and its license plates upon the arrest of a person who drives on a suspended or revoked license, but § 4511.195 authorized the same seizure upon the arrest of an individual for operating a motor vehicle while intoxicated. The Defendant contended: "[T]his court should not follow *Kutschbach* with regards to determining the constitutionality challenge [of § 4511.195] because the State's interest in removing drunk drivers from the road is vastly different [from] and superior to the State's interest in removing unlicensed drivers." Defendants' Motion for Summary Judgment, doc. # 14, at 3 n. 1.

Additionally, the Defendants twice stated that the two statutes were "similar," but "legally distinguishable." *Id.* at 4; Defendants' Memorandum Contra to Plaintiffs' Motion for Summary Judgment, doc. # 13, at 6 n. 2. The Defendants may not argue one position in the course of the litigation and then argue the exact opposite position when it weighs in their favor in response to a post-judgment motion for attorneys' fees.

constitutionality of § 4507.38 does not and should not foreclose the possibility of separate litigation regarding the constitutionality of § 4511.195. Two separate causes of action were maintainable for two separate individuals allegedly wronged by two separate allegedly unconstitutional state statutes.

Second, the time frames of the cases do not coincide. Judgment was entered on the *Kutschbach* case on April 4, 1995, based upon the Opinion and Order by Judge Beckwith of March 31, 1995. Upon reviewing the affidavits of the attorneys in this case, the earliest the attorneys began work on this case was in June, 1995. Thus, the two cases were not being litigated during the same time frame.

Third, and perhaps most importantly, the affidavits of the attorneys in this case set forth descriptions of the billable time during which they have litigated this case. The attorneys have submitted sworn statements that state they have spent this time litigating the matter before the court. Insofar as the Court views the attorneys' requests as reasonable, the Court is inclined to accept as true their sworn affidavits regarding how they spent their time.

## C. Appropriateness of Counsel Maintaining this Class Action

At the outset, it should be noted that the question of whether Plaintiffs' counsel, as employees of a legal services corporation, should have represented the Plaintiffs in this class action is not properly before the Court at this time. 42 U.S.C. § 2996e(b)(1)(B) states: "No question of whether representation is authorized ... shall be considered in, or affect the final disposition of, any proceeding in which a person is represented by a recipient or an employee of a recipient. A litigant in such a proceeding may refer any such question to the Corporation which shall review and dispose of the question promptly, and take appropriate action." Thus, if the Defendants had wished to complain that Plaintiffs' counsel were not authorized to represent the named Plaintiff or her class, the Defendants' first course of action should have been to make such complaint to Southeastern Ohio Legal Services itself The Defendants do not contend that they have made such a complaint or that their complaint has gone unheeded.

■ However, were the Court to consider the appropriateness of Plaintiffs' counsel's actions in maintaining this action, the Court would find that Plaintiffs' counsel appropriately maintained this action. Defendants argue that the Plaintiffs improperly maintained this class action due to § 504(a)(7) of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, P.L. 104–134, 110 Stat. 1321, which prohibits legal services corporations from maintaining class action suits. However, the Defendants' argument overlooks the effective date of this Act. The Act was not passed until April 26, 1996. The portion of the Act upon which the Defendants rely became effective on August 1, 1996, as it applies to the actions in this case. P.L. 104–134, 1 10 Stat. 1321, § 508(b)(2)(B). According to their affidavits, the last work by Gary M. Smith and Tami L. Johnson on the case (other than the petition for attorney's fees) was performed on July 31, 1996, and July 16, 1996, respectively. Therefore, if the Court were to consider the Defendants' argument as presented to the Court, the Court would find that the Defendants argument is without merit and Gary M. Smith and Tami L. Johnson properly participated in the litigation of this class action and are entitled to a statutory award of attorneys' fees.

## D. Calculation of Award

The Plaintiffs' counsel have submitted fee petitions which may be summarized as follows. Gary M. Smith, on behalf of Southeastern Ohio Legal Services, at $150 per hour, requested fees for 51.9 hours in his initial request and for 2.5 hours in his second request, for a total of $8,160.00. Tami L. Johnson, on behalf of Southeastern Ohio Legal Services, at $1 10 per hour, requested fees for 115.3 hours, for a total of $12,683.00. John Marshall, at $175 per hour, requested fees for 25.6 hours, for a total of $4,480.00. Combined, these figures total $25,323.00.

Attorneys fees may be reduced when the prevailing party does not fully prevail. However, the Court finds that in this case the Plaintiffs did fully prevail—the statute

sought to be declared unconstitutional was so declared. The Court chose not to issue a permanent injunction in this case for reasons unrelated to the extent of the named Plaintiff's status as a "prevailing party." That the named Plaintiff did not prevail on her damages claim does not trouble the Court—the thrust of this lawsuit was to challenge an unconstitutional statute and upon that issue the Plaintiffs have unequivocally prevailed.

Similarly, the fact that a substantial portion of Mr. Marshall's time was spent in preparation of the fee petition does not trouble the Court. The total number of hours by all attorneys spent in preparation of the fee petition does not exceed the range suggested in *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir.1986), *cert. denied,* 482 U.S. 914, 107 S.Ct. 3186, 96 L.Ed.2d 674 (1987). Counsel may have decided that it was better to allow Mr. Marshall to perform the majority of the work involved with preparing the fee petition as Mr. Smith's or Ms. Johnson's time might arguably be disallowed by the provision cited earlier prohibiting Southeastern Ohio Legal Services from participating in class action litigation after July 31, 1996. While this was a prudent precaution, the Court finds it was unnecessary. The Court finds no evidence that the prohibition on the maintenance of class actions by a legal services corporation was meant to prohibit attorneys who had worked on such actions before the effective date of the Act from filing fee petitions to receive statutory awards of attorneys' fees after the conclusion of the actions.

However, the Court finds that some of the hours expended by one of the attorneys in this case to be excessive. In order to estimate a reasonable fee, the district court will multiply the number of hours *reasonably* expended on the litigation by a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543–44, 79 L.Ed.2d 891 (1984) (emphasis added). Hours not *reasonably* expended will not be compensated. The Court has reviewed the fee petition of Ms. Johnson and is of the opinion that the total number of hours spent in preparation of the Reply Memorandum to the Plaintiff's Summary Judgment Motion, 38.75, and the total number of hours spent in preparation of oral argument on the Motion, 26, are excessive. Counsel will be compensated for half of these hours.

Thus, Ms. Johnson's fees shall be paid at $110 per hour for 82.95 hours for a total of $9,124.50. When this figure is added to Mr. Smith's fees of $8,160.00 and Mr. Marshall's fees of $4,480.00, the adjusted total becomes $21,764.50.

For the reasons outlined above, the Defendants are hereby **ORDERED** to pay to the Plaintiffs' counsel in this action the amounts specified above.

## V. CONCLUSION

For reasons set forth above, the Plaintiffs' Motion for an Award of Fees and Costs is hereby **GRANTED** in the amount of $21,-764.50, the Plaintiffs' Motion to Enter Judgment is hereby **DENIED**, and the Defendants' Motion for Relief from Judgment is hereby **DENIED**.

**IT IS SO ORDERED.**